

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXXX~~
**ATTORNEY GENERAL**

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. 0-5425
Re: Forms of "Multiple Life" and
    "Family Group" life insurance
    policies.

Your request for opinion has been received and careful-
ly considered by this department.  We quote from your request
as follows:

"A.  We transmit to you herewith a typewrit-
ten form of so-called 'Multiple Life' insurance
policy, together with form of application there-
for and schedule of insured lives to be attached
thereto, submitted to this Board by Consulting
Actuary, M. B. Gammill, to be approved and filed
by this Board under Article 4749; and a letter
from Mr. Gammill to our Actuary under date of
June 5, 1943 explaining to some extent the pro-
posed use of this form of policy.  It is our un-
derstanding that a typical use of this form of
policy will be that where certain donors make sub-
stantial donations to such religious or charitable
or benevolent institutions as churches, lodges,
etc., some person acting as trustee for the donees
will at the expense of the donees take out this
form of multiple life policy to be owned and con-
trolled by such trustee, for the purpose of re-
imbursing or rewarding the donors for such dona-
tions, in the form of endowment policies, or
their named beneficiaries in the form of life in-
surance benefits.

"We have only the original copies of the
policy and forms and letter transmitted to you
herewith, and with your opinion given in response
to this request we ask that you return such forms
and letter to us.

"Without the necessity of advising whether
the terms of such policy form comply with the
requirements of Sections 1-11 of Article 4732,

and with Article 4733, both as amended, will you
please give us your opinion as to whether the ap-
proval and filing of such form of policy by this
Department and its issuance and use by insurance
companies operating under Chapter 3 of Title 78
are forbidden by the provisions of Section 6 of
Article 4764a (Acts 1931, 42nd Leg., 172, Ch.
101). In other words is it a 'group life insur-
ance policy' within the meaning of that section,
and can such a form lawfully be issued, assum-
ing that it meets the requirements of Articles
4732 and 4733?

"In this connection we invite your attention
to the various forms of life insurance which
are defined and authorized and regulated by Sec-
tion 1 and the other provisions of Article 4764a,
as amended by Acts 1941, 47th Leg., p. 1346, ch.
610, Section 1, and by H.B. 326, Acts 1943, 48th
Leg., which will become effective August 10, 1943.

"B. This Department has in the past approved
and filed and authorized the issuance and use of
forms of life insurance policies by companies
operating under Chapter 3, Title 78, insuring
the lives of all designated members of a family,
commonly known as 'Family Group Policies'. Please
advise us whether such practice is forbidden by
Section 6 of Article 4764a, aforesaid, before and
since the effective date of H. B. 166, Acts 1943,
48th Leg., effective May 15, 1943, adding Section
12 to Article 4732 and regulating the issuance of
so-called family group policies."

We quote from Mr. Gammill's letter, explaining the pro-
posed use of the policy, as follows:

". . . . .

"This form of policy is prepared to meet the
policy requirements outlined in Articles 4732 and
4733 of the Texas insurance statutes. It is not
offered for filing as a group policy form as des-
cribed in Article 4764a. This form of policy will
not be written in cases where an employer and em-
ployee relationship exists or on the lives of mem-
bers of a labor union as described in Article
4764a. The policy will never be written on a
specified group of persons or a fixed percentage
thereof as is the practice under group insurance.

It will be issued only to an Owner applicant
(other than the Insured or Beneficiary) in the
same manner as ordinary policies are now issued
in this state on the basis of third part applica-
tions where such policies are owned by the appli-
cant and not controlled by either the Insured or
Beneficiary.  This form of policy is a composite
of several individual insurances such as would
be granted under separate policies.  As to the
composite structure of this policy, it is much
similar to so called Family Group policies now be-
ing issued by many companies in this state on
several forms which have been accepted for fil-
ing by the Department of Insurance.

"The primary use of this type of policy is
to permit the economical handling of small poli-
cies and insurance amounts on several individual
lives through a policy issued to an Owner appli-
cant, usually a Trust Company or other organiza-
tion authorized to act as trustee, providing bene-
fits to the several individuals accepted for in-
surance to repay them for contributions made to
an organization which transactions and relation-
ships are covered under a trust agreement not a
part of the insurance contract.

        ". . . . . ."

We have carefully considered the policy form submitted
by Mr. Gammill, and the statutes referred to by you. Because
of the length of these documents and statutes you have re-
ferred to we deem it unnecessary to quote them.  After a full
consideration of same it is our opinion that the policy form
submitted under the proposed plan of use of same as outlined
in Mr. Gammill's letter, constitutes same a plan of group in-
surance not authorized by law.  We therefore answer your first
question in the affirmative.

With respect to your second question we cannot pass on
the "Family Group Policy" forms heretofore approved by your
department as you did not send us copies of said approved forms.
However, it is our opinion that from and after May 22, 1943,
the effective date of House Bill 166, 48th Legislature of Texas,
all "Family Group Policies" must strictly conform to House Bill
166, which reads in part as follows:

        "Be it enacted by the Legislature of the State
            of Texas:

"Section 1. That Article 4732 of the Revised Civil Statutes of Texas of 1925, be amended by adding thereto Section 12, which Section shall read as follows:

"'Section 12. In all family group policies there shall be included on the face of the policy, the name and age of each insured; the name of the beneficiary of each insured, and after the name and age of each person insured, in figures, the amount which is payable to the payee in the policy in case of death, accident, or illness of such insured person, except where policy provides for Waiver of Premium only in event of total and permanent disability or death of the payee, regardless of what the maximum amount of said policy is, and if there is a provision in said policy for payment other than the full amount of said policy, such provision shall be clearly stated on the face of the policy, and this provision shall apply to all such Family Group Life, health and/or accident policies sold in this State.'

"Sec. 2. This law shall be cumulative of all laws and parts of laws not in conflict herewith, and all laws and parts of laws in conflict herewith are hereby repealed.

"Sec. 3. There being no law in effect in this State governing the method of showing benefits payable under family group policies, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted.

"Passed the House, April 7, 1943: Yeas 133, Nays 0; passed the Senate, May 7, 1943: Yeas 26, Nays 0.

"Approved May 22, 1943.

"Effective May 22, 1943."

(Vernon's 1943 Texas Session Law Service, 48th Legislature, p. 639.)

                                   Very truly yours
                              ATTORNEY GENERAL OF TEXAS

                                   By s/Wm. J. Fanning
                                      Wm. J. Fanning
                                      Assistant

WJF:db:wc


Approved JUL 13, 1943
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By_s/BWB_Chairman